EL PUEBLO DE PUERTO RICO, demandante y apelado,
*v.* EMILIO CHICO, acusado y apelante.

No. 4811.—*Sometido:* Noviembre 29, 1932. *Resuelto:* Julio 19, 1933.

M. A. *Martínez Dávila,* abogado del apelante; R. A. *Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Emilio Chico ha establecido esta apelación por haber sido condenado por homicidio voluntario al matar a Benito Ortiz el 22 de diciembre de 1931 en el sitio llamado Tras Talleres, de Santurce, en esta ciudad de San Juan.

En su recurso alega varios motivos de error por prueba del fiscal que entiende fué admitida indebidamente por la corte; y alega también que la evidencia no es suficiente para sostener el veredicto de culpabilidad rendido por el jurado y la consiguiente condena que le ha sido impuesta, porque de la presentada por el fiscal resulta justificado que el apelante mató a Ortiz en legítima defensa de su persona.

Dos fueron los testigos del fiscal que presenciaron los hechos a que se refiere esta causa, Jenaro Méndez y Juan Vélez. Las declaraciones de esos dos testigos están contestes en que Benito Ortiz se presentó en la tienda de Emilio Chico provocándolo e insultándolo con las palabras que ellos dijeron y que no vamos a consignar aquí, pero que eran grandemente injuriosas, ofensivas y provocadoras; que Emilio Chico le dijo: "Mira, Benito, vete que yo tengo cuatro hijos a quienes me debo; tú no te debes a nadie y yo no quiero tener disgustos contigo," y el otro le decía: "No, que si conmigo no, porque yo me mato con cuchillo puntita a puntita con cualquiera": que Emilio, que estaba detrás del mostrador, insistió varias veces en que Benito se marchara y que cuando le decía "vete," Ortiz le tiró por encima del mostrador un puñetazo que le dió a Emilio en un ojo; y que cuando después de eso Ortiz trató de pasar detras del mostrador por una puerta que allí había, en actitud violenta, Emilio le disparó un tiro con un revólver que cogió de un cajón y lo hirió, cayendo Ortiz al suelo. Ninguno de esos testigos declaró que Ortiz estuviera borracho, pues el testigo Jenaro Méndez, a quien el fiscal preguntó en qué estado se hallaba Benito Ortiz le contestó: "El estaba . . . yo no . . . Yo no sé si había tomado; aparentemente, desde luego, un hombre que está así." Interrogado de nuevo por el fiscal si no le había declarado que estaba borracho, le contestó que aparentemente había

tomado. Y el médico que hizo la autopsia a quien preguntó el fiscal si demostraba que Ortiz había ingerido licor, le contestó que no podía precisarlo exactamente, que él tenía un tufito de alcohol. El fiscal no mostró extrañeza por las declaraciones de sus testigos y la prueba que presentó la defensa relató los hechos en parecidos términos a los testigos del fiscal. En cuanto a Benito Ortiz dijo otro testigo del fiscal, el cabo de la Policía Insular Francisco Piñero, que era un hombre valiente y guapo; y que cuando detuvo a Emilio Chico éste tenía como un verdugón, como que había recibido una trompada. Detrás del mostrador y cerca de él había un aparador.

La prueba de la defensa no contradice la del fiscal por lo que no existe prueba contradictoria cuyo conflicto haya tenido que dirimir el jurado. Por consiguiente, la cuestión a decidir es si de ella resulta que el acusado obró en defensa propia al matar a Ortiz, pues en caso afirmativo el veredicto condenatorio del jurado sería contrario a la prueba por error manifiesto en la apreciación de la evidencia, como alega el apelante.

Después de copiar en el caso de *El Pueblo* v. *Sutton,* 17 D.P.R. 367, los artículos 209, 210 y 211 de nuestro Código Penal referentes a justificación del homicidio, se dijo lo siguiente:

"Actuando bajo disposiciones sustancialmente iguales, el Tribunal Supremo de California ha sostenido la siguiente instrucción:

" 'Una persona puede repeler la fuerza con la fuerza en la defensa de la persona, bienes o vida, contra uno que abiertamente intenta o trata por medio de la violencia o de la sorpresa de cometer un determinado delito *misdemeanor* o *felony,* o cualquiera de ellos, o de causar un grave daño corporal a su persona, y el peligro que justificaría al acusado al cometer el acto imputádole, puede ser real o aparente; y el jurado no tiene que considerar si el acusado estaba en verdadero peligro de su vida o propiedad, sino solamente si las circunstancias eran tales que indujeran a una persona de mente sana a creer que su persona o sus bienes estaban expuestos a tal peligro; y si racionalmente podía así creerlo y tenía suficiente

causa para estimarlo así, y cometió el hecho que se le imputa bajo tal creencia, aun cuando apareciera que el interfecto no estaba armado, ustedes deben absolverlo.' People v. Glóver, 141 Cal. 233.''

Aplicando esa doctrina al caso presente llegamos a la conclusión de que la prueba demuestra que el apelante estuvo justificado al matar a Benito Ortiz pues él no provocó la cuestión que resultó en la muerte de Ortiz; trató de evitarla, no obstante lo cual fué agredido por Ortiz y usó su revólver cuando después de la agresión trató Ortiz de entrar en actitud violenta en el sitio en que se encontraba el apelante entre el mostrador y el aparador de una pequeña tienda, circunstancias que demuestran que el apelante podía considerarse en aparente peligro de ser acometido gravemente o de perder su vida, aun sin saber si Ortiz estaba armado o no. No se trataba de una mera sospecha de temor pues los insultos, la provocación, la agresión y el tratar de llegar Ortiz en actitud violenta al sitio en que estaba el apelante, entre el mostrador y el aparador, eran circunstancias bastantes para hacerle creer razonablemente que estaba en peligro de ser acometido gravemente o de perder la vida, aunque no supiera si su agresor tenía o no arma consigo. Aunque Ortiz hubiera estado borracho en aquel momento, lo que no se justificó, no por eso dejaba de estar en peligro el apelante. Tal vez esa circunstancia, de existir, hubiera aumentado el peligro del apelante pues no puede saberse hasta dónde puede llevar la embriaguez a una persona.

Creemos que hubo un manifiesto error en la apreciación de la prueba por parte del jurado y por eso *la sentencia condenatoria fundada en él debe ser revocada y absolverse al acusado apelante.*